PEOPLE v. BOXX

1. CRIMINAL LAW—ARMED ROBBERY—PRELIMINARY EXAMINATION—
SUFFICIENCY OF EVIDENCE.
Testimony of victims that they felt hard objects pressed against
them while they were being robbed and observed what they
thought were guns *held* sufficient evidence of the commission
of the crime of armed robbery to justify the examining mag-
istrate in finding the crime had been committed.

2. CRIMINAL LAW—ARMED ROBBERY—TRIAL—REMARKS OF PROSECU-
TION.
Denial by trial court of defendant's motion for new trial on
the ground that the prosecutor made prejudicial remarks dur-
ing his closing argument *held*, proper where the trial judge
properly instructed the jury that comments by the prosecutor
should not be regarded as evidence.

Appeal from Washtenaw, William F. Ager, Jr., J.
Submitted Division 2 April 15, 1969, at Lansing.
(Docket No. 4,314.)  Decided April 21, 1969.

John Henry Boxx was convicted of armed robbery.
Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*
Prosecuting Attorney, and *Kent P. Talcott,* Assist-
ant Prosecuting Attorney, for the people.

*J. J. Hiller,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law.
[2] 53 Am Jur, Trials § 637.

BEFORE: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

PER CURIAM.    Defendant and three other men were involved in a robbery in the parking lot of a supper club.    Their car was pursued by the police through Ann Arbor at high speed during which time several gun shots were fired from the car at the police.    The car came to a halt in a rural area along an expressway.    Subsequently, defendant was arrested and charged with armed robbery (CL 1948, § 750.529 [Stat Ann 1969 Cum Supp § 28.797]).

Pre-trial motions to quash the armed robbery charge and to suppress evidence seized from the car were denied, and a jury found the defendant guilty.    Defendant filed motions for a judgment notwithstanding the verdict, or for a new trial, both of which were denied.    He has appealed.

Defendant raises several issues of merit.    He claims that there was not sufficient evidence given at the preliminary examination to show that any weapons were used in the robbery.    Thus, he should not have been bound over.    The two victims testified that they felt hard objects pressed against them and observed what they thought were guns.    This testimony was sufficient for the magistrate to find that the crime had been committed.

Defendant claims that certain comments of the prosecutor during his closing argument were prejudicial and caused reversible error.    The trial judge properly instructed the jury that these comments should not be regarded as evidence.

Defendant also claimed that the court erred in admitting into evidence certain items seized from the car in which he had been riding, *i.e.,* wallets and purse of the victims, guns, and defendant's identi-

fication; that the police should first have obtained a search warrant. Under the circumstances of the case the search without a warrant was justified and the evidence properly admitted.

Affirmed.