## PEOPLE v MANGIAPANE

Docket No. 77-4316. Submitted May 9, 1978, at Lansing.—Decided
   August 22, 1978.

   Defendant Martin Mangiapane was charged with assault with
   intent to commit murder. After he was bound over, defendant
   moved for an order allowing psychiatric testimony concerning
   his ability to form the requisite specific intent. The Macomb
   Circuit Court, George R. Deneweth, J., denied defendant's
   motion, holding that the codification of the insanity defense
   also codified the "diminished capacity" defense and the statu-
   tory requirements must be met to introduce such testimony.
   Defendant appeals by leave granted. *Held:*

   Evidence in a criminal trial of a defendant's incapacity to
   form the requisite specific intent for commission of the crime
   charged is evidence of an insanity defense and, as such, the
   statutory notice and cooperation requirements must be com-
   plied with in order for the evidence to be properly admissible at
   trial.

   Affirmed.

Criminal Law—Evidence—Capacity to Form Specific Intent—In-
   sanity Defense—Statutes.

   Evidence in a criminal trial of a defendant's incapacity to form
   the requisite specific intent for commission of the crime
   charged is evidence of an insanity defense and, as such, the
   statutory notice and cooperation requirements must be com-
   plied with in order for it to be properly admissible at trial
   (MCL 768.20a, 768.21, 768.21a; MSA 28.1043[1], 28.1044,
   28.1044[1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Joseph P. Ciaramitaro,* Assistant Prosecuting Attorney, for the people.

Reference for Points in Headnote
21 Am Jur 2d, Criminal Law §§ 31–33.

*Berry, Hopson, Francis & Mack,* for defendant.

Before: BEASLEY, P. J., and ALLEN and H. E.
DEMING,* JJ.

BEASLEY, J. Defendant was charged with assault
with intent to commit murder in violation of MCL
750.83; MSA 28.278, after a woman was shot seven
times with a gun.

After bindover, defendant moved for an order
allowing psychiatric testimony on the issue of his
capacity to form the requisite specific intent, al-
though he filed no notice of nor did he intend to
claim insanity. After careful consideration, the
trial court denied defendant's motion, holding that
the 1975 amendments to the Code of Criminal
Procedure codified the so-called "diminished capac-
ity" tests and precluded any such claim except
within the ambit of the statutory definition of
insanity contained in the Mental Health Code.

The matter is before this court on leave granted.

Prior to enactment of the 1975 amendments,
*People v Lynch*[1] controlled this question. In *Lynch,*
this Court held that any evidence relevant to the
issue of intent was admissible even though it fell
short of supporting a finding of not guilty by
reason of insanity. Specifically, the *Lynch* Court
said:

"The majority, and we think the sounder, view, how-
ever, permits such medical proof, sometimes called
proof of diminished or partial responsibility, as bearing
on intent generally or at least on those special states of
mind where a specific intent is required or where the
state of mind by definition determines the degree of the
offense as here."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] 47 Mich App 8, 20; 208 NW2d 656 (1971).

The issue is, do Acts 179 and 180 of the Public Acts of 1975 modify this rule of *People v Lynch* so as to preclude psychiatric testimony relating to mental condition of the defendant at the time of the alleged offense except within the statutory, procedural framework for asserting the defense of insanity?

Relevant to this issue is the intention of the Legislature in enacting Acts 179 and 180 of the Public Acts of 1975. Since these acts comprise a package of bills which are quite comprehensive in scope, they are best viewed in their entirety. To that end, we set forth Acts 179 and 180 in full.[2]

Giving consideration to the specifics, § 21a defines legal insanity as follows:

---

2

[No. 179]

AN ACT to amend sections 401, 402, 1028, 1050 and 1102 of Act No. 258 of the Public Acts of 1974, entitled "An act to modernize, add to, revise, consolidate, and codify the statutes relating to mental health; to delineate the powers and duties of the department of mental health; to establish county community mental health programs; to delineate state and county financial responsibility for public mental health services; to establish procedures for the civil admission and discharge of mentally ill persons to and from mental health facilities; to establish procedures for the civil admission and discharge of mentally retarded and other developmentally disabled persons to and from facilities; to establish guardianship arrangements for mentally retarded persons; to establish certain rights of persons who receive mental health services; to establish financial liability for the receipt of public mental health services; to establish certain miscellaneous provisions relating to mental health; to establish procedures pertaining to mentally ill and mentally retarded persons who are under criminal sentence, to persons who are mentally incompetent to stand trial, and to persons who have been found not guilty by reason of insanity; and to repeal certain acts and parts of acts," being sections 330.1401, 330.1402, 330.2028, 330.2050 and 330.2102 of the Compiled Laws of 1970; and to add section 400a.

*The People of the State of Michigan enact:*

**Sections amended and added; mental health code.**

Section 1. Sections 401, 402, 1028, 1050 and 1102 of Act No. 258 of the Public Acts of 1974, being sections 330.1401, 330.1402, 330.2028, 330.2050 and 330.2102 of the Compiled Laws of 1970, are amended and section 400a is added to read as follows:

**330.1400a "Mental illness" defined. [M.S.A. 14.800(400a)]**

Sec. 400a. As used in this chapter, "mental illness" means a

substantial disorder of thought or mood which significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life.

**330.1401 "Person requiring treatment" defined. [M.S.A. 14.800(401)]**

Sec. 401. As used in this chapter, "person requiring treatment" means (a), (b), or (c):

(a) A person who is mentally ill, and who as a result of that mental illness can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself or another person, and who has engaged in an act or acts or made significant threats that are substantially supportive of the expectation.

(b) A person who is mentally ill, and who as a result of that mental illness is unable to attend to those of his basic physical needs such as food, clothing, or shelter that must be attended to in order for him to avoid serious harm in the near future, and who has demonstrated that inability by failing to attend to those basic physical needs.

(c) A person who is mentally ill, whose judgment is so impaired that he is unable to understand his need for treatment and whose continued behavior as the result of this mental illness can reasonably be expected, on the basis of competent medical opinion, to result in significant physical harm to himself or others. This person shall be hospitalized only under the provisions of sections 434 through 438 of this act.

**330.1402 "Person requiring treatment"; exceptions. [M.S.A. 14.800(402)]**

Sec. 402. A person whose mental processes have simply been weakened or impaired by reason of advanced years, a person with epilepsy, or a person with alcoholism or other drug dependence shall not be deemed to be a person requiring treatment under this chapter unless the person also meets the criteria specified in section 401. However, the person may be hospitalized under the informal or formal voluntary hospitalization provisions of this chapter if he is deemed clinically suitable for hospitalization by the director.

**330.2028 Consultations; report; admissibility of evidence. [M.S.A. 14.800(1028)]**

Sec. 1028. (1) When the defendant is ordered to undergo an examination pursuant to section 1026, the center or other facility shall, for the purpose of gathering psychiatric and other information pertinent to the issue of the incompetence of the defendant to stand trial, examine the defendant and consult with defense counsel, and may consult with the prosecutor or other persons. Defense counsel shall make himself available for consultation with the center or other facility. The examination shall be performed, defense counsel consulted, and a written report submitted to the court, prosecuting attorney, and defense counsel within 60 days of the date of the order.

(2) The report shall contain:

(a) The clinical findings of the center or other facility.

(b) The facts, in reasonable detail, upon which the findings are based, and upon request of the court, defense, or prosecution additional facts germane to the findings.

(c) The opinion of the center or other facility on the issue of the incompetence of the defendant to stand trial.

(d) If the opinion is that the defendant is incompetent to stand trial, the opinion of the center or other facility on the likelihood of the defendant attaining competence to stand trial, if provided a course of treatment, within the time limit established by section 1034.

(3) The opinion concerning competency to stand trial derived from the examination may not be admitted as evidence for any purpose in the pending criminal proceedings, except on the issues to be determined in the hearings required or permitted by sections 1030 and 1040. The foregoing bar of testimony shall not be construed to prohibit the examining qualified clinician from presenting at other stages in the criminal proceedings opinions concerning criminal responsibility, disposition, or other issues if they were originally requested by the court and are available. Information gathered in the course of a prior examination that is of historical value to the examining qualified clinician may be utilized in the formulation of an opinion in any subsequent court ordered evaluation.

**330.2050 Person acquitted of criminal charge by reason of insanity; commitment to center for forensic psychiatry; record; examination and evaluation; report; opinion; certificates; petition; retention or discharge of person; applicability of release provisions; condition to being discharged or placed on leave; extension of leave. [M.S.A. 14.800(1050)]**

Sec. 1050. (1) The court shall immediately commit any person who is acquitted of a criminal charge by reason of insanity to the custody of the center for forensic psychiatry, for a period not to exceed 60 days. The court shall forward to the center a full report, in the form of a settled record, of the facts concerning the crime which the patient was found to have committed but of which he was acquitted by reason of insanity. The center shall thoroughly examine and evaluate the present mental condition of the person in order to reach an opinion on whether the person meets the criteria of a person requiring treatment or for judicial admission set forth in section 401 or 515.

(2) Within the 60-day period the center shall file a report with the court, prosecuting attorney, and defense counsel. The report shall contain a summary of the crime which the patient committed but of which he was acquitted by reason of insanity and an opinion as to whether the person meets the criteria of a person requiring treatment or for judicial admission as defined by section 401 or 515, and the facts upon which the opinion is based. If the opinion stated is that the person is a person requiring treatment, the report shall be accompanied by certificates from 2 physicians, at least 1 of whom shall be a psychiatrist, which conform to the requirements of section 400(j).

(3) After receipt of the report, the court may direct the prosecuting attorney to file a petition pursuant to section 434 or 516 for an order of hospitalization or an order of admission to a facility with the probate court of the person's county of residence or of the county in which the criminal trial was held. Any certificates that accompanied the report of the center may be filed with the petition, and shall be sufficient to cause a hearing to be held pursuant to section 451 even if

they were not executed within 72 hours of the filing of the petition. The report from the court containing the facts concerning the crime for which he was acquitted by reason of insanity shall be admissible in the hearings.

(4) If the report states the opinion that the person meets the criteria of a person requiring treatment or for judicial admission, and if a petition is to be filed pursuant to subsection (3), the center may retain the person pending a hearing on the petition. If a petition is not to be filed, the prosecutor shall notify the center in writing. The center, upon receipt of the notification, shall cause the person to be discharged.

(5) The release provisions of sections 476 to 479 of this act shall apply to a person found to have committed a crime by a court or jury, but who is acquitted by reason of insanity, except that a person shall not be discharged or placed on leave without first being evaluated and recommended for discharge or leave by the department's program for forensic psychiatry, and authorized leave or absence from the hospital may be extended for a period of 5 years.

**330.2102 Effective date and applicability of particular sections and chapters. [M.S.A. 14.800(1102)]**

Sec. 1102. (1) This act shall take effect August 6, 1975, except that the provisions of chapters 4, 5, and 8 shall take effect November 6, 1974.

(2) The provisions of sections 1020 to 1042 shall apply to persons against whom criminal proceedings are commenced on or after the effective date of those sections. Proceedings to determine the competency of persons against whom criminal proceedings are commenced before the effective date of those sections shall continue to be governed by the law in effect at the time those proceedings are commenced.

(3) The provisions of section 1050 shall apply to persons who are found not guilty by reason of insanity on or after the effective date of that section.

**Enactment of HB 4363 as condition to effect of amendatory act.**

Section 2. This amendatory act shall not take effect unless House Bill No. 4363 of the 1975 Regular Session of the legislature is enacted into law.

**Recognition of prior effective dates.**

Section 3. The provisions of section 1102 regarding the effective date of particular sections and chapters of Act No. 258 of the Public Acts of 1974 recognize that that act was given immediate effect as contemplated by section 1102 as originally enacted and approved by the governor on August 6, 1974 and that chapters 4, 5, and 8 took effect 3 months after that date on November 6, 1974 as was provided in section 1102 as originally enacted.

**Effective date of amendatory act.**

Section 4. This amendatory act shall take effect August 6, 1975.

This act is ordered to take immediate effect.

Approved July 25, 1975.

## PUBLIC ACTS 1975—No. 180

[No. 180]

AN ACT to amend sections 20 and 21 of chapter 8 of Act No. 175 of the Public Acts of 1927, entitled "An act to revise, consolidate and codify the laws relating to criminal procedure and to define the jurisdiction, powers, and duties of courts and of the judges and other officers thereof under the provisions of this act; to provide laws relative to the rights of persons accused of criminal offenses; to provide for the arrest of persons charged with or suspected of criminal offenses; to provide for bail of persons arrested for or accused of criminal offenses; to provide for the examination of such persons accused of criminal offenses; to regulate the procedure relative to grand juries, indictments, informations, and proceedings before trial; to provide for trials of persons complained of or indicted for criminal offenses and to provide for the procedure therein; to provide for judgments and sentences of persons convicted of criminal offenses; to provide for procedure relating to new trials, appeals, writs of error and bills of exception in criminal causes; to provide a uniform system of probation throughout the state of Michigan, the appointment of probation officers and to prescribe the powers, duties and compensation of such officers and to provide penalties for the violation of the duties of such officers; to provide for procedure governing proceedings to prevent crime; proceedings for the discovery of crime; to provide for the jurisdiction, powers, duties, and procedure of justices of the peace in criminal cases; to provide for fees of officers, witnesses and others in criminal cases; miscellaneous provisions as to criminal procedure in certain cases; to provide penalties for the violation of certain provisions of this act and to repeal all acts and parts of acts inconsistent with or contravening any of the provisions of this act," as amended by Act No. 63 of the Public Acts of 1974, being sections 768.20 and 768.21 of the Compiled Laws of 1970; and to add sections 20a, 21a, 29a and 36.

*The People of the State of Michigan enact:*

**Sections amended and added; code of criminal procedure.**

Section 1. Sections 20 and 21 of chapter 8 of Act No. 175 of the Public Acts of 1927, as amended by Act No. 63 of the Public Acts of 1974, being sections 768.20 and 768.21 of the Compiled Laws of 1970, are amended and sections 20a, 21a, 29a and 36 are added to read as follows:

CHAPTER 8

**768.20 Alibi as defense in felony case; notice of intention to claim defense; notice of rebuttal; disclosure and calling of additional witnesses. [M.S.A. 28.1043]**

Sec. 20. (1) If a defendant in a felony case proposes to offer in his defense testimony to establish an alibi at the time of the alleged offense, the defendant shall at the time of arraignment on the information or within 15 days after that arraignment but not less than 10 days before the trial of the case, or at such other time as the court directs, file and serve upon the prosecuting attorney a notice in writing of his intention to claim that defense. The notice shall

contain, as particularly as is known to the defendant or the defendant's attorney, the names of witnesses to be called in behalf of the defendant to establish that defense. The defendant's notice shall include specific information as to the place at which the accused claims to have been at the time of the alleged offense.

(2) Within 10 days after the receipt of the defendant's notice but not later than 5 days before the trial of the case, or at such other time as the court may direct, the prosecuting attorney shall file and serve upon the defendant a notice of rebuttal which shall contain, as particularly as is known to the prosecuting attorney, the names of the witnesses whom the prosecuting attorney proposes to call in rebuttal to controvert the defendant's defense at the trial of the case.

(3) Both the defendant and the prosecuting attorney shall be under a continuing duty to disclose promptly the names of additional witnesses which come to the attention of either party subsequent to filing their respective notices as provided in this section. Upon motion with notice to the other party and upon a showing by the moving party that the name of an additional witness was not available when the notice required by subsections (1) or (2) was filed and could not have been available by the exercise of due diligence, the additional witness may be called by the moving party to testify as a witness for the purpose of establishing or rebutting an alibi defense.

**768.20a Insanity as defense in felony case; notice of intention to assert defense; examination; independent psychiatric evaluation; cooperation required; admissibility of statements; report; notice of rebuttal. [M.S.A. 28.1043(1)]**

Sec. 20a. (1) If a defendant in a felony case proposes to offer in his defense testimony to establish his insanity at the time of an alleged offense, the defendant shall file and serve upon the court and the prosecuting attorney a notice in writing of his intention to assert the defense of insanity not less than 30 days before the date set for the trial of the case, or at such other time as the court directs.

(2) Upon receipt of a notice of an intention to assert the defense of insanity, a court shall order the defendant to undergo an examination relating to his claim of insanity by personnel of the center for forensic psychiatry for a period not to exceed 30 days. When the defendant is to be held in jail pending trial, the center, in its discretion, may perform the examination in the jail, or may notify the sheriff to transport the defendant to the center for the examination, and the sheriff shall return the defendant to the jail upon completion of the examination. When the defendant is at liberty pending trial, on bail or otherwise, the defendant shall make himself available for the examination at the place and time established by the center. If the defendant, after being notified by the center of the place and time of the examination, fails to make himself available for the examination, the court may, without a hearing, order his commitment to the center.

(3) The defendant may, at his own expense, or if indigent, at the expense of the county, secure an independent psychiatric evaluation by a clinician of his choice on the issue of his insanity at the time the alleged offense was committed. The defendant shall notify the prosecuting attorney at least 5 days before the day scheduled for the

independent evaluation that he intends to secure such an evaluation. The prosecuting attorney may similarly obtain independent psychiatric evaluation. A clinician secured by an indigent defendant shall be entitled to receive a reasonable fee as approved by the court.

(4) The defendant shall fully cooperate in his examination by personnel of the center for forensic psychiatry and by any other independent examiners for the defense and prosecution. If he fails to cooperate, and that failure is established to the satisfaction of the court at a hearing prior to trial, the defendant shall be barred from presenting testimony relating to his insanity at the trial of the case.

(5) Statements made by the defendant to personnel of the center for forensic psychiatry or to any independent examiner during an examination shall not be admissible or have probative value in court at the trial of the case on any issues other than his mental illness or insanity at the time of the alleged offense.

(6) Upon conclusion of the examination, the center for forensic psychiatry, and any other independent examiner, shall prepare a written report and shall submit the report to the prosecuting attorney, and defense counsel. The report shall contain:

(a) The clinical findings of the center or any independent examiner.

(b) The facts, in reasonable detail, upon which the findings were based.

(c) The opinion of the center or the independent examiner on the issue of the defendant's insanity at the time the alleged offense was committed and whether the defendant was mentally ill or mentally retarded at the time the alleged offense was committed.

(7) Within 10 days after the receipt of the report from the center for forensic psychiatry or within 10 days after the receipt of the report of an independent examiner secured by the prosecution, whichever occurs later, but not later than 5 days before the trial of the case, or at such other time as the court directs, the prosecuting attorney shall file and serve upon the defendant a notice of rebuttal of the defense of insanity which shall contain the names of the witnesses whom the prosecuting attorney proposes to call in rebuttal.

(8) The report of the center for forensic psychiatry or any other independent examiner may be admissible in evidence upon the stipulation of the prosecution and defense.

**768.21 Failure to file and serve notices or to state names of witnesses with particularity; exclusion of evidence. [M.S.A. 28.1044]**

Sec. 21. (1) If the defendant fails to file and serve the written notice prescribed in section 20 or 20a, the court shall exclude evidence offered by the defendant for the purpose of establishing an alibi or the insanity of the defendant. If the notice given by the defendant does not state, as particularly as is known to the defendant or the defendant's attorney, the name of a witness to be called in behalf of the defendant to establish a defense specified in section 20, the court shall exclude the testimony of a witness which is offered by the defendant for the purpose of establishing that defense.

(2) If the prosecuting attorney fails to file and serve a notice of rebuttal upon the defendant as provided in section 20 or 20a, the

court shall exclude evidence offered by the prosecution in rebuttal to the defendant's evidence relevant to a defense specified in section 20 or 20a. If the notice given by the prosecuting attorney does not state, as particularly as is known to the prosecuting attorney, the name of a witness to be called in rebuttal of the defense of alibi or insanity, the court shall exclude the testimony of a witness which is offered by the prosecuting attorney for the purpose of rebutting that defense.

**768.21a Persons deemed legally insane. [M.S.A. 28.1044(1)]**

Sec. 21a. (1) A person is legally insane if, as a result of mental illness as defined in section 400a of Act No. 258 of the Public Acts of 1974, being section 330.1400a of the Michigan Compiled Laws, or as a result of mental retardation as defined in section 500(g) of Act No. 258 of the Public Acts of 1974, being section 330.1500 of the Michigan Compiled Laws, that person lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law.

(2) A person who is under the influence of voluntarily consumed or injected alcohol or controlled substances at the time of his alleged offense shall not thereby be deemed to have been legally insane.

**768.29a Defense of insanity in criminal action tried before jury; instructions. [M.S.A. 28.1052(1)]**

Sec. 29a. (1) If the defendant asserts a defense of insanity in a criminal action which is tried before a jury, the judge shall, before testimony is presented on that issue, instruct the jury on the law as contained in sections 400a and 500(g) of Act No. 258 of the Public Acts of 1974 and in section 21a of chapter 8 of this act.

(2) At the conclusion of the trial, where warranted by the evidence, the charge to the jury shall contain instructions that it shall consider separately the issues of the presence or absence of mental illness and the presence or absence of legal insanity and shall also contain instructions as to the verdicts of guilty, guilty but mentally ill, not guilty by reason of insanity, and not guilty with regard to the offense or offenses charged and, as required by law, any lesser included offenses.

**768.36 Defense of insanity in compliance with § 768.20a; finding of "guilty but mentally ill"; waiver of right to trial; plea of guilty but mentally ill; examination of reports; hearing; sentence; evaluation and treatment; discharge; report to parole board; treatment as condition of parole or probation; period of probation; psychiatric reports. [M.S.A. 28.1059]**

Sec. 36. (1) If the defendant asserts a defense of insanity in compliance with section 20a, the defendant may be found "guilty but mentally ill" if, after trial, the trier of fact finds all of the following beyond a reasonable doubt:

(a) That the defendant is guilty of an offense.

(b) That the defendant was mentally ill at the time of the commission of that offense.

(c) That the defendant was not legally insane at the time of the commission of that offense.

(2) If the defendant asserts a defense of insanity in compliance with section 20a and the defendant waives his right to trial, by jury or by

judge, the trial judge, with the approval of the prosecuting attorney, may accept a plea of guilty but mentally ill in lieu of a plea of guilty or a plea of nolo contendere. The judge may not accept a plea of guilty but mentally ill until, with the defendant's consent, he has examined the report or reports prepared pursuant to section 20a, has held a hearing on the issue of the defendant's mental illness at which either party may present evidence, and is satisfied that the defendant was mentally ill at the time of the offense to which the plea is entered. The reports shall be made a part of the record of the case.

(3) If a defendant is found guilty but mentally ill or enters a plea to that effect which is accepted by the court, the court shall impose any sentence which could be imposed pursuant to law upon a defendant who is convicted of the same offense. If the defendant is committed to the custody of the department of corrections, he shall undergo further evaluation and be given such treatment as is psychiatrically indicated for his mental illness or retardation. Treatment may be provided by the department of corrections or by the department of mental health after his transfer pursuant to sections 1000 or 1002 of Act No. 258 of the Public Acts of 1974, being sections 330.2000 or 330.2002 of the Michigan Compiled Laws. Sections 1004 and 1006 of Act No. 258 of the Public Acts of 1974 shall apply to the discharge of such a defendant from a facility of the department of mental health to which he has been admitted and shall apply to the return of such a defendant to the department of corrections for the balance of the defendant's sentence. When a treating facility designated by either the department of corrections or the department of mental health discharges such a defendant prior to the expiration of his sentence, that treating facility shall transmit to the parole board a report on the condition of the defendant which contains the clinical facts, the diagnosis, the course of treatment, and the prognosis for the remission of symptoms, the potential for recidivism and for the danger to himself or the public, and recommendations for future treatment. In the event that the parole board pursuant to law or administrative rules should consider him for parole, the board shall consult with the treating facility at which the defendant is being treated or from which he has been discharged and a comparable report on the condition of the defendant shall be filed with the board. If he is placed on parole by the parole board, his treatment shall, upon recommendation of the treating facility, be made a condition of parole, and failure to continue treatment except by agreement with the designated facility and parole board shall be a basis for the institution of parole violation hearings.

(4) If a defendant who is found guilty but mentally ill is placed on probation under the jurisdiction of the sentencing court pursuant to law, the trial judge, upon recommendation of the center for forensic psychiatry, shall make treatment a condition of probation. Reports as specified by the trial judge shall be filed with the probation officer and the sentencing court. Failure to continue treatment, except by agreement with the treating agency and the sentencing court, shall be a basis for the institution of probation violation hearings. The period of probation shall not be for less than 5 years and shall not be shortened without receipt and consideration of a forensic psychiatric report by

"(1) A person is legally insane if, as a result of mental illness as defined in section 400a of Act No. 258 of the Public Acts of 1974, being section 330.1400a of the Michigan Compiled Laws, or as a result of mental retardation as defined in section 500(g) of Act No. 258 of the Public Acts of 1974, being section 330.1500 of the Michigan Compiled Laws, that person lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law."[3]

"Mental illness" is defined in the 1974 Mental Health Code as follows:

"As used in this chapter, 'mental illness' means a substantial disorder of thought or mood which significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life."[4]

the sentencing court. Treatment shall be provided by an agency of the department of mental health, or with the approval of the sentencing court and at individual expense, by private agencies, private physicians, or other mental health personnel. A psychiatric report shall be filed with the probation officer and the sentencing court every 3 months during the period of probation. If a motion on a petition to discontinue probation is made by the defendant, the probation officer shall request a report as specified from the center for forensic psychiatry or any other facility certified by department of mental health for the performance of forensic psychiatric evaluation.

**Applicability of amendatory act.**

Section 2. This amendatory act shall apply to offenses committed on or after the effective date of this act. The law in effect at the time the offense was committed shall apply to offenses committed before the effective date of this act.

**Effective date.**

Section 3. This amendatory act shall take effect August 6, 1975.

**Conditional effective date.**

Section 4. This amendatory act shall not take effect unless House Bill No. 4362 of the 1975 Regular Session of the legislature is enacted into law.

This act is ordered to take immediate effect.

Approved July 25, 1975.

3 MCL 768.21a(1); MSA 28.1044(1)(1).

4 MCL 330.1400a; MSA 14.800(400a).

"Mentally retarded" is defined as follows:

" 'Mentally retarded' means significantly subaverage general intellectual functioning which originates during the developmental period and is associated with impairment in adaptive behavior."[5]

The new § 21a codifies the definition of legal insanity for the first time. In the 1971 case of *People v Martin,*[6] the Supreme Court compared the Michigan test for criminal insanity with the American Law Institute Model Penal test, the proposed Michigan Revised Criminal Code, the *Durham*[7] "product" test and others. The Michigan rule as enunciated in *People v Martin* is

"The salient elements of the Michigan test are: 1) whether defendant knew what he was doing was right or wrong; and 2) if he did, did he have the power, the will power, to resist doing the wrongful act? The Michigan test encompasses not only a sudden overpowering, irresistible impulse but any situation or condition in which the power, 'the will power' to resist, is insufficient to restrain commission of the wrongful act." (Footnote omitted.)

Clearly, Michigan's new codified definition is closest to the ALI model. The reference in the statutory definition to substantial capacity is in contrast to Michigan's long-time *Durfee*[8] test which was not cast in terms of capacity. While there are those who will say this difference is mere terminology and not one of substance, the new codified definition does suggest a legislative intention to cover and include the diminished capacity

---

[5] MCL 330.1500(g); MSA 14.800(500)(g).

[6] 386 Mich 407, 416, 418; 192 NW2d 215 (1971).

[7] *Durham v United States,* 94 US App DC 228; 214 F2d 862 (1954).

[8] *People v Durfee,* 62 Mich 487; 29 NW 109 (1886).

concept. While we are not prepared to say they are identical, certainly the categories of the mentally retarded, as defined in the statute, and of those with diminished capacity have striking similarities. It would appear that in many cases a person claiming diminished capacity would fall in the category of the mentally retarded.

Also bearing on the issue here is the new § 20a[9] which, as indicated, was part of Act 180.

Prior to the 1975 amendment, a defendant desiring to establish the defense of insanity was required to file and give notice in writing to the prosecutor of intention to claim such defense at the time of arraignment or within 10 days thereafter, but not less than four days before trial.

The 1975 amendment requires the written notice of intention to assert the defense of insanity to be given not less than 30 days before the date set for trial or such other time as the court directs. The obvious reason for gearing the new extended 30-day period to the date of trial is to afford time for the required examination by the Center for Forensic Psychiatry (hereinafter referred to as CFP) under § 20a(2).

Requiring a defendant who claims the defense of insanity to submit to examination by the CFP is, of course, an entirely new concept. The subsections contained in § 20a(2) through 20a(8) are all new.

Section 20a(3) provides that if a defendant obtains an independent (additional) psychiatric evaluation by a clinician of his choice, he must give notice to the prosecutor so that the prosecutor can also obtain an independent psychiatric evaluation if he wishes.

Section 20a(4) requires the defendant to *fully cooperate* with the personnel of the CFP and with

---

[9] MCL 768.20a; MSA 28.1043(1).

any independent examiners for either defense or prosecution. This section contains teeth in that if the trial judge finds failure to cooperate, he may bar the defendant from presenting testimony relating to insanity at trial.

Section 20a(5) provides that statements made by defendant to personnel of CFP or to any independent examiner are *not* admissible in evidence nor possessed of probative value on any issue *other than mental illness or insanity at the time of the alleged offense.*

Section 20a(6) requires the CFP or any other independent examiner to submit a written report to both defense counsel and the prosecutor containing 1) clinical findings, 2) facts upon which based, and 3) opinion on the issue of defendant's insanity at the time the alleged offense was committed and *whether defendant was mentally ill or mentally retarded* at the time the alleged offense was committed.

Section 20a(7) requires the prosecutor to give written notice of rebuttal of defense of insanity with the names of rebuttal witnesses to defense counsel at least five days before trial.

The amended § 21[10] provides if defendant fails to file written notice of intention to claim defense of insanity in conformance with § 20a, the court *shall exclude evidence* offered by defendant for the purpose of establishing insanity. Prior to the amendment, exclusion of evidence because of failure to file notice of an insanity claim was within the discretion of the trial judge; the language of the amendment makes exclusion mandatory. The provision is equally mandatory if the prosecutor fails to file the required notice of rebuttal of insanity defense.

[10] MCL 768.21; MSA 28.1044.

In requiring the trial judge to instruct the jury regarding the statutory definitions of legal insanity, mental illness and mentally retarded *before* testimony is presented on that issue in all cases where a defendant asserts the defense of insanity, § 29a(1)[11] is further indication of the Legislature's determination to clarify for juries what the law is regarding the defense of insanity.

Of course, § 29a is entirely new. Section 29a(2) provides that where the evidence warrants, the trial judge should instruct the jury *to consider separately* the issue of the presence or absence of mental illness and of legal insanity. Requiring this instruction for separate consideration is an obvious effort to eliminate the necessary fuzziness that surrounds mixing the issues of whether a defendant committed an act with that of the defense of insanity.

Section 29a(2) also requires that where warranted by the evidence, the trial judge shall instruct as to the verdicts of guilty, *guilty but mentally ill,* not guilty by reason of insanity, and not guilty (and any lesser included offense).

Section 36[12] defines the newly created verdict of guilty but mentally ill. Where a defense of insanity is asserted and the trier of fact finds 1) defendant is guilty of an offense, 2) defendant was mentally ill at the time of commission of the offense, 3) defendant was not legally insane at the time of commission of the offense, a defendant may be found guilty but mentally ill.

We interpret these statutes to manifest an intention to bring under one procedural blanket all defenses to criminal charges that rest upon legal insanity as defined in the statute.

---

[11] MCL 768.29a(1); MSA 28.1052(1)(1).

[12] MCL 768.36; MSA 28.1059.

The codified definition of legal insanity extends to persons *lacking substantial capacity* either to appreciate the wrongfulness of their conduct or to *conform their conduct to the requirements of law,* whether it results from mental illness or mental retardation.

We find that the defense known as diminished capacity comes within this codified definition of legal insanity. We further find that psychiatric testimony on the issue of defendant's capacity to form the specific intent comes within the codified definition of legal insanity. By thus categorizing defendant's defense we do not preclude the admission of evidence supporting defendant's claim that, although not legally insane, he lacks mental capacity to entertain the specific intent that is a necessary element of assault with intent to commit murder. But, we hold that defendant must give the notice required by the statute of intention to assert that defense. By so doing, defendant will submit himself to examination and evaluation by the Center for Forensic Psychiatry and by an independent psychiatrist selected by the prosecutor, if the prosecutor wishes. In short, we hold that if defendant chooses to avail himself of the defense that he here asserts, namely, that he lacks mental capacity to entertain the specific intent required as an element of the crime with which he is charged whether it be called the defense of diminished capacity or not, then full compliance must be had with §§ 20a, 29a and 36.

Consequently, we find that the package of statutes discussed in this opinion operate to modify the holding in *Lynch.*

The *Lynch* rule placed judges and juries in an impossible position. Under that decision, the psychiatrist could testify that a defendant lacked

mental capacity to entertain a particular criminal intent but could not testify that defendant did not know right from wrong or that defendant had an irresistible impulse to commit the criminal act or otherwise testify that defendant was insane, because such latter testimony was precluded where defendant did not claim and give notice of claim of insanity. Our interpretation of the new 1975 amendments seeks to restore credibility and clarity to the issues submitted to juries. In addition, bringing these issues under the new procedures gives the trial judge opportunity for more timely and more practical instructions to juries.

For the reasons indicated, we affirm the trial court's denial of defendant's petition.

Affirmed.