PEOPLE v ATKINS

Docket No. 55257. Submitted April 6, 1982, at Lansing.—Decided June 23, 1982.

Earnest Atkins was convicted of second-degree murder in the Washtenaw Circuit Court, Patrick J. Conlin, J. He appealed, alleging error in the court's denying a motion for a directed verdict of acquittal of first-degree murder, in the prosecutor's remarks during closing argument, in the court's allowing the prosecutor to cross-examine defendant about an old misdemeanor conviction (assault and battery) and in the court's not allowing a defense expert witness to testify concerning defendant's state of mind. *Held:*

1. When ruling on a motion for a directed verdict of acquittal, a court must consider the evidence which had been presented by the prosecution up to the time the motion is made, view that evidence in the light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. There was sufficient evidence of the elements of first-degree murder. The court did not err in denying a directed verdict of acquittal.

2. Defendant failed to object to the prosecutor's remarks and there is no evidence of manifest injustice.

3. Introduction into evidence of the fact that a defendant had previously been convicted of a misdemeanor, ordinarily inadmissible for purposes of impeachment of a defendant, is proper where the defendant has asserted that he has no prior convictions and the evidence is offered specifically to negate the defendant's false testimony. The questioning was proper be-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 320.
   75 Am Jur 2d, Trial §§ 497, 532.
[2] 5 Am Jur 2d, Appeal and Error § 553.
   75 Am Jur 2d, Trial § 315.
[3] 29 Am Jur 2d, Evidence § 327.
   30 Am Jur 2d, Evidence § 1175.
[4] 29 Am Jur 2d, Evidence § 249 *et seq.*
[5] 21 Am Jur 2d, Criminal Law §§ 41, 48, 131.

cause defendant had testified that he had not been involved in any type of violent crime.

4. Evidence in a criminal trial of a defendant's incapacity to form the requisite specific intent for commission of the crime charged is evidence of an insanity defense and, as such, the statutory notice and cooperation requirements must be complied with in order for it to be properly admissible at trial. Defendant did not comply with the statutory requirements. The court did not error in refusing to allow the expert to testify.

Affirmed.

1. CRIMINAL LAW — DIRECTED VERDICTS.

When ruling on a motion for a directed verdict of acquittal, a court must consider the evidence which had been presented by the prosecution up to the time the motion is made, view that evidence in the light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

2. CRIMINAL LAW — PROSECUTORIAL COMMENT — PRESERVING QUESTION.

Failure to object during trial to a prosecutor's closing argument precludes appellate review of that issue, absent manifest injustice.

3. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — MISDEMEANORS — PERJURY.

Introduction into evidence of the fact that a defendant had previously been convicted of a misdemeanor, ordinarily inadmissible for purposes of impeachment of a defendant, is proper where the defendant has asserted that he has no prior convictions and the evidence is offered specifically to negate the defendant's false testimony.

4. EVIDENCE — APPEAL.

The decision of a trial court concerning the admissibility of evidence will not be disturbed on appeal unless it is clearly erroneous.

5. CRIMINAL LAW — EVIDENCE — CAPACITY TO FORM SPECIFIC INTENT — INSANITY DEFENSE.

Evidence in a criminal trial of a defendant's capacity to form the requisite specific intent for commission of the crime charged is evidence of an insanity defense and, as such, the statutory notice and cooperation requirements must be complied with in

order for it to be properly admissible at trial (MCL 768.20a[1], 768.21[1]; MSA 28.1043[1][1], 28.1044[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Edward J. Schwartz,* for defendant.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER and K. B. GLASER,* JJ.

PER CURIAM. Defendant was convicted by a jury of second-degree murder, MCL 750.317; MSA 28.549, in connection with the stabbing death of his wife. This appeal is by right.

Defendant's first argument on appeal is that the trial court erred in denying defendant's motion for a directed verdict of acquittal on the charge of first-degree murder. In ruling on a motion for a directed verdict of acquittal, the trial court must consider the evidence presented by the prosecution up to the time the motion is made, view that evidence in a light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), *People v Anglin,* 111 Mich App 268, 284; 314 NW2d 581 (1981).

Defendant's stormy relationship with his wife, his threats to get revenge against her (which were made less than 48 hours before she was killed), and the brutality of the killing, when viewed in a light most favorable to the prosecution, constituted

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sufficient evidence to establish premeditation, deliberation, and an intent to kill. We find the trial court did not err in denying defendant's motion for a directed verdict.

Defendant claims that he was denied a fair trial because of improper comments made by the prosecutor during closing argument. Defendant alleges that the prosecutor referred to facts outside the record and went beyond the issues addressed at trial. However, no objection to the allegedly improper remarks was made.

Absent manifest injustice, appellate review is precluded when defendant fails to object to the prosecutor's closing argument. *People v Stewart,* 107 Mich App 458, 461; 309 NW2d 564 (1981). We find no such manifest injustice. The trial court properly instructed the jury that the arguments of counsel did not constitute evidence.

Defendant's next argument is that the trial court erred in allowing the prosecutor to cross-examine defendant about a misdemeanor conviction that occurred more than ten years prior to trial. The prosecutor attempted to impeach defendant's credibility by means of a 1968 conviction for assault and battery. No objection was raised to this line of questioning and so, again, we review only to determine whether manifest injustice resulted.

It is clear that defendant's 1968 assault and battery conviction was inadmissible under MRE 609 because it did not involve a crime of theft, dishonesty, or false statement and because it was more than ten years old. However, in *People v Williams,* 93 Mich App 236; 287 NW2d 184 (1978), this Court held that a misdeameanor conviction which was otherwise inadmissible for impeachment purposes could be introduced to negate a

defendant's false testimony that he had never been convicted of a crime. The Court stated:

"[W]hen a defendant seeks to controvert the truth-seeking functions of a criminal trial, the introduction of otherwise inadmissible evidence is permissible to contradict his false testimony. Accordingly, we hold that since the introduction of the prior misdemeanor conviction in the present case was not used to show the defendant's bad character, but was rather used specifically to negate his fraudulent testimony, and the jury was so instructed, its introduction was not reversible error." 93 Mich App 236, 242.

Thus, when defendant offers false testimony, the prosecutor is allowed to show that defendant misrepresented his record in an attempt to mislead the jury. Defendant's testimony opens the door to rebuttal testimony for the purpose of demonstrating that defendant gave false testimony on direct examination. *People v Bouchee,* 62 Mich App 132; 233 NW2d 503 (1975), *rev'd on other grounds* 400 Mich 253; 253 NW2d 626 (1977). That is exactly the situation here. On direct examination, the following exchange between defendant and defense counsel occurred:

"*Q.* Now Mr. Atkins, it's true that you've been in trouble with the law before, isn't that true?

"*A.* Correct.

"*Q.* And you have previous convictions?

"*A.* Yes, sir.

"*Q.* What were those?

"*A.* The use of a credit—illegal use of a credit card and forgery.

"*Q. Have you ever been involved in any type of violent crime before?*

"*A.* No, sir."
(Emphasis added.)

We find the trial court did not err in allowing the prosecutor to question defendant about his 1968 assault and battery conviction. The prosecutor's purpose was to negate defendant's representation that he had never been involved in a crime of violence. Because the conviction was admitted for the specific purpose of demonstrating that defendant had falsely testified on direct examination, and not for the broader purpose of impeaching defendant's general credibility, MRE 609 was not violated.

Lastly, defendant argues that the trial court abused its discretion is not allowing defendant's expert witness to testify or to have a separate record made of his testimony. Defendant argues that, had its expert witness been allowed to testify, he would have given relevant testimony regarding defendant's state of mind, which was an issue in this case.

The decision of the trial court concerning the admissibility of evidence will not be disturbed on appeal unless it is clearly erroneous. *Cook v Rontal,* 109 Mich App 220, 223; 311 NW2d 333 (1981). We find that the trial court properly excluded the testimony of defendant's expert witness.

Defense counsel failed to file a notice of his intention to assert an insanity defense, as required by MCL 768.20a(1); MSA 28.1043(1)(1). MCL 768.21(1); MSA 28.1044(1) provides that the trial court shall exclude evidence offered by defendant for the purpose of establishing his insanity unless such notice is properly served. In *People v Mangiapane,* 85 Mich App 379; 271 NW2d 240 (1978), this Court stated that psychiatric testimony on the issue of a defendant's capacity to form the requisite specific intent comes within the codified defini-

tion of legal insanity. Such testimony can only be presented when the statutory notice requirements are fulfilled. It is irrelevant whether such a defense is labeled as insanity, diminished capacity, or some other name. 85 Mich App 379, 395. Here, defendant's expert witness intended to testify regarding defendant's state of mind as it related to "premeditation and deliberation". Such evidence relates to the capacity to form a specific intent and is controlled by the above-mentioned statutory requirements.

Affirmed.