PEOPLE v EROH

1. AUTOMOBILES—POSSESSION OF STOLEN AUTOMOBILE—ELEMENTS OF CRIME.

The elements of the offense of possession of a stolen vehicle with intent fraudulently to transfer title are: (1) possession of a stolen vehicle, (2) knowledge that the vehicle is stolen, (3) intent fraudulently to transfer title or participate in such transfer, and (4) that the transferee is not an officer of the law engaged at the time in the performance of his duty (MCLA 257.254).

2. AUTOMOBILES—POSSESSION OF STOLEN AUTOMOBILE—FRAUDULENT INTENT—EVIDENCE—SUFFICIENCY.

The conviction of a defendant of possession of a stolen vehicle with intent fraudulently to pass title must be reversed because of insufficiency of the evidence where the only evidence pertaining to intent fraudulently to transfer title was that the defendant affixed the license plates from his pickup truck on the stolen vehicle and carried the registration which correlated with those plates and that there were blank insurance certificates stolen in an earlier breaking and entering found on defendant's person, and where both the defendant and a companion arrested with him testified that they had no intent to try to transfer the title of the vehicle (MCLA 257.254).

3. CRIMINAL LAW—APPEAL AND ERROR—EVIDENCE—ADMISSIBILITY—PRESERVING QUESTION.

A defendant's failure to object to the admission of testimony in the court below in a criminal trial precludes the Court of Appeals from consideration of the issue on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 340, 341.
[3] 5 Am Jur 2d, Appeal and Error § 545.
[4] 41 Am Jur 2d, Indictments and Informations §§ 234–238.
[5] 21 Am Jur 2d, Criminal Law § 585.
[6] 29 Am Jur 2d, Evidence § 638 *et seq*.
[7] 21 Am Jur 2d, Criminal Law § 178.

4. INDICTMENT AND INFORMATION—PRELIMINARY EXAMINATION—IN-
   COMPETENT EVIDENCE.

   The admission of some incompetent evidence at preliminary
   examination because of the alleged intimidation of a witness by
   the prosecution would not cause the binding over of a defend-
   ant to be quashed if there was sufficient competent evidence to
   establish the commission of the crime.

5. CRIMINAL LAW—DEFENDANT TESTIFYING—PRIOR CONVICTIONS—IN-
   TRODUCTION BY DEFENDANT.

   Allowing the prosecution to question a defendant regarding a
   prior conviction of simple larceny was not error where the
   defendant's own counsel first questioned him regarding his
   prior convictions.

6. CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—REFUSAL
   TO MAKE STATEMENT—ADMISSIBILITY.

   Allowing the prosecution to cross-examine defendant regarding
   the fact that he did not ask his companion to tell the arresting
   officers that defendant was not involved in the crime charged
   was not error, because a defendant's refusal to make an excul-
   patory statement at the time of his arrest or thereafter is
   admissible for the sole purpose of impeaching defendant's
   credibility where the defendant takes the stand and makes
   affirmative allegations as to his innocence.

7. CRIMINAL LAW—SECOND OFFENDER—NEW JURY.

   Impanelling a new jury is not required when a defendant is tried
   as a second offender after his conviction by the same jury of the
   original crime charged (MCLA 769.10).

Appeal from Lenawee, Rex B. Martin, J. Submit-
ted Division 2 November 8, 1972, at Lansing.
(Docket Nos. 12584, 12585.) Decided June 25, 1973.

Ronald K. Eroh was convicted of breaking and
entering with intent to commit larceny and posses-
sion of a stolen vehicle with intent fraudulently to
pass title. Defendant appeals. Affirmed in part,
reversed in part.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Harvey A. Ko-
selka,* Prosecuting Attorney, for the people.

*James Bearinger,* for defendant.

Before: McGREGOR, P. J., and BRONSON and TAR-GONSKI,* JJ.

McGREGOR, P. J. On June 18, 1971, defendant was found guilty of breaking and entering with intent to commit larceny, MCLA 750.110; MSA 28.305, and the crime of possession of a stolen vehicle with intent fraudulently to pass title, MCLA 257.254; MSA 9.1954. Immediately following the return of the guilty verdict, the jury was excused and out of the presence of the jury an information previously filed was read, charging defendant with a second felony, MCLA 769.10; MSA 28.1082. On July 9, 1971, defendant was sentenced to 3-1/2 to 15 years for breaking and entering. The facts which led to the above convictions follow. The parties stipulated at the preliminary examination that the Lenawee Insurance Agency was closed and secured at the end of the business day immediately preceding the breaking and entering. On March 11, 1971, at approximately 2:30 a.m., two officers of the sheriff's department were called to check out a suspicious vehicle at the insurance agency. One of the officers testified that, as they approached the suspicious vehicle, the defendant was behind the wheel and another subject was bending over the motor with the hood of the vehicle raised. After talking with the subject bending over the motor and permitting the subjects to leave, the officers checked and found that the insurance agency had been broken into. Having taken the license number and description of the suspicious vehicle, the officers put that information over the air, and immediately

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

proceeded to follow the car. Being unable to overtake the vehicle, the officers returned to the scene and began their investigation.

A police officer for the City of Hudson testified that at approximately 3 a.m. on the same day he stopped a red El Camino pickup truck, carrying the defendant and another subject, as a result of the information received by him on his police radio and the request to apprehend the vehicle. The two subjects were held until officers from the sheriff's department arrived.

The registration to the vehicle matched the license plates but did not match the motor vehicle registration number on the vehicle. It developed that this vehicle had been stolen on or about February 15, 1971.

Officers from the sheriff's department, during their investigation, found blank certificates of insurance in the open glove compartment of the vehicle and also on the front seat of the vehicle.

Investigation at the scene of the breaking and entering revealed two sets of foot tracks in the snow, leading from the insurance agency to the spot where the vehicle had been parked. The subject arrested with this defendant testified that he and the defendant went to the insurance agency on the night of March 11, 1971, to try to steal blank insurance certificates. He testified that he broke the back window of the building with his elbow, climbed through, and let the defendant into the building through a side door. The defendant testified that the other subject had directed him to the insurance agency so that he might steal some papers, that the other man broke into the building, and that this defendant only entered the building after the companion had taken an exceedingly long time in the building. Defendant testified

that he entered through the side door which his companion had opened for him only for the purpose of convincing his companion to leave the building.

Due to our reversal of defendant's conviction of the charge of possession of a stolen vehicle with intent to fraudulently transfer title, it is unnecessary to consider defendant's contention that the evidence submitted at the preliminary examination was not sufficient to bind him over on that charge.

A careful review of the evidence reveals that the trial court erred in allowing the charge of possession of a stolen motor vehicle with intent to fraudulently procure or transfer title to reach the jury.

The elements of possession of a stolen vehicle with intent to fraudulently transfer title are: (1) possession of a stolen vehicle, (2) knowledge that the vehicle is stolen, (3) intent to fraudulently transfer title or participate in such transfer, and (4) that the transferee is not an officer of the law engaged at the time in the performance of his duty. See *People v Morton,* 384 Mich 38 (1970).

There is no doubt as to the existence of the first two elements. Defendant readily admits knowing that the vehicle was stolen and having the stolen vehicle in his possession. There is also no doubt as to the existence of element (4), since at no point during the proceeding did the defendant claim to be an officer of the law. The third element is the one to be examined. Evidence pertaining to this element is, first, that the defendant affixed the license plates from his 1967 pickup truck on the stolen vehicle and also carried the registration which correlated to those license plates; second, there were blank insurance certificates stolen in the earlier breaking and entering, which were

found on the defendant's person; and third, both the defendant and the companion who was arrested with the defendant testified that they had no intent to try to transfer the title of the vehicle.

The standard for challenging the sufficiency of the evidence in a criminal jury trial is found in *People v Hogan,* 9 Mich App 78 (1967):

"This Court will not reverse the judgment of the trial court unless the evidence clearly preponderates in a direction opposite to the findings of fact by the trial court."

From the facts established by the prosecution, the conviction of this defendant of possession of a stolen vehicle with intent to fraudulently pass title must be reversed, due to the insufficiency of the evidence. Taking into consideration all of the evidence presented, nothing appears which would indicate an intent to fraudulently transfer title. Having failed to establish this element, the conviction must fail. See *People v Morton, supra; People v Davis,* 36 Mich App 164 (1971); *People v Carey,* 36 Mich App 640 (1971); *People v Nichols (On Rehearing),* 33 Mich App 63 (1971).

Defendant's second contention is that the prosecutor intimidated a witness at the preliminary examination, and, therefore, the testimony of that witness could not be used to bind the defendant over on either of the two charges.

Defendant's friend testified after pleading guilty to breaking and entering, and the companion charge of possession of a stolen vehicle was dropped. He hesitated when questioned about where the stolen vehicle had come from, whereupon the prosecutor stated that if the witness chose to stand on his constitutional rights regarding the posses-

sion charge, he would exercise his right to reinstate the charge.

At the preliminary examination questioning by the prosecutor of this witness, there was no objection by this defendant to the line of questioning used. Defendant asked only that the witness be warned of his constitutional right against self-incrimination, but never made a specific objection to the line of questioning employed. It is well settled that a claim on appeal, made for the first time in the appellate court, which was not raised in the court below, cannot be considered in the appellate court. See *People v Brocato,* 17 Mich App 277 (1969); *People v Owens,* 13 Mich App 469 (1968); *People v Gill,* 12 Mich App 383 (1968); *People v Scott,* 23 Mich App 568 (1970). Defendant's failure to object to the admission of this testimony below precludes this Court from consideration thereof in this claim on appeal. Furthermore, even if this testimony was incompetent, there was a sufficient amount of competent evidence to establish the commission of the offense by the defendant. So long as there was sufficient competent evidence to establish the commission of the crime, the admission of some incompetent evidence would not cause the indictment to be quashed. *People v Rice,* 206 Mich 644 (1919).

Defendant further alleges that it was error to allow the prosecution to question defendant regarding a prior conviction for simple larceny. It should be noted that defendant's own counsel first questioned him regarding his prior convictions. In such instance there is no reversible error. See *People v Wilbourne,* 44 Mich App 376 (1973).

Defendant also contends that the trial court erred in allowing the prosecution to cross-examine defendant regarding the fact that he did not ask

his companion to admit his guilt and tell the arresting officers that defendant was not involved in the breaking and entering. Where defendant takes the stand and makes affirmative allegations as to his innocence, defendant's refusal to make an exculpating statement at the time of his arrest or thereafter is admissible for the sole purpose of impeaching defendant's credibility. *People v Bobo,* 41 Mich App 362 (1972). We find no merit in defendant's contentions.

Finally, defendant claims that the trial court erred by not impanelling a new jury when defendant was tried as a second offender, pursuant to MCLA 769.10 *et seq.;* MSA 28.1082 *et seq.* This contention is without merit. See *People v Bosca,* 25 Mich App 455 (1970); *People v Mauch,* 23 Mich App 723 (1970); *People v Stratton,* 13 Mich App 350 (1968).

Defendant's conviction of possession of a stolen vehicle with intent to fraudulently pass title is reversed. Defendant's conviction of breaking and entering with intent to commit larceny is affirmed.

BRONSON, J., concurred.

TARGONSKI, J., did not participate.