## PEOPLE v FARNSLEY

Docket No. 78-2337. Submitted June 5, 1979, at Lansing.—Decided
    November 20, 1979.

Susan Farnsley was convicted of wilfully and maliciously burning
    a dwelling house and the contents thereof and of wilfully
    burning insured personal property with intent to defraud the
    insurer, Ingham Circuit Court, James T. Kallman, J. The
    defendant appeals, alleging that 1) the fire inspector who
    investigated the fire was improperly allowed to testify as an
    expert witness, 2) that several remarks made by the prosecutor
    during his closing argument were improper, and 3) the trial
    court's failure to suppress evidence gathered at the scene of the
    fire by the fire inspector was reversible error. *Held:*

1. There were no specific objections raised at trial to the
    testimony of the fire inspector. Since the inspector was shown
    to be qualified as an expert, there is no manifest injustice
    shown. There was no error.

2. Defense counsel failed to object to the allegedly improper
    remarks made by the prosecutor. Allowing the prosecutor's
    remarks, when read as a whole and evaluated in light of the
    relationship or lack of relationship they bear to the evidence
    admitted at trial, did not result in a miscarriage of justice.

3. The fire department official who investigated the fire did
    not need a search warrant to remain on the premises for a
    reasonable time to investigate the cause of the blaze after it
    had been extinguished. The seizure of the evidence without a
    warrant was constitutional.

Affirmed.

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Eᴠɪᴅᴇɴᴄᴇ — Pʀᴇsᴇʀᴠɪɴɢ Qᴜᴇsᴛɪᴏɴ — Mᴀɴɪғᴇsᴛ
    Iɴᴊᴜsᴛɪᴄᴇ — Aᴘᴘᴇᴀʟ ᴀɴᴅ Eʀʀᴏʀ.

Specific objections to the admission of evidence will not be consid-

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs
[1] 5 Am Jur 2d, Appeal and Error § 601.
[2] 5 Am Jur 2d, Appeal and Error § 601.
    75 Am Jur 2d, Trial §§ 192, 315.
[3] 35 Am Jur 2d, Fires § 4.

ered by the Court of Appeals where there has been no objection raised at trial, absent a showing of manifest injustice.

2. CRIMINAL LAW — ARGUMENT OF COUNSEL — PRESERVING QUESTION.

Appellate review of alleged improprieties in a prosecutor's closing argument is precluded in the absence of objection at trial unless failure to consider the issue would result in a miscarriage of justice; the prosecutor's remarks must be read as a whole and be evaluated in light of the relationship or lack of relationship they bear to the evidence admitted at trial.

3. SEARCHES AND SEIZURES — BURNED PREMISES — WARRANTS.

Fire department officials need no warrant to remain in a building, for purposes of investigating the cause of a fire, for a reasonable time after the fire has been extinguished.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Michael G. Woodworth,* Chief Appellate Attorney, and *Charles M. Sibert,* Assistant Prosecuting Attorney, for the people.

*Paul L. Decocq,* for defendant on appeal.

Before: DANHOF, C.J. and V. J. BRENNAN and H. R. CARROLL,* JJ.

PER CURIAM. On April 18, 1978, an Ingham County Circuit Court jury convicted defendant of wilfully and maliciously burning a dwelling house and the contents thereof, contrary to MCL 750.72; MSA 28.267, and of wilfully burning insured personal property with intent to defraud the insurer, contrary to MCL 750.75; MSA 28.270. She appeals from her convictions as of right.

Defendant raises three issues for our consideration, only one of which merits substantial discussion. At trial, Inspector Holliday of the Lansing

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Fire Department testified that it was his opinion that the fire in question was maliciously set and that it was arson. Defendant failed to object. Absent a showing of manifest injustice, specific objections to the admission of evidence cannot be raised for the first time on appeal. *People v Alexander,* 72 Mich App 91; 249 NW2d 307 (1976). Where Inspector Holliday was clearly shown to be a qualified, expert arson investigator and where the trial court properly instructed the jury that they were the sole and exclusive judges of the facts, we are unable to find manifest injustice. Moreover, his testimony meets the requirements for the admission of expert testimony. *Dep't of Natural Resources v Frostman,* 84 Mich App 503; 269 NW2d 655 (1978). It is evident that Inspector Holliday's conclusion was the product of professional and scientific knowledge beyond the competency of the jury. *Dudek v Popp,* 373 Mich 300; 129 NW2d 393 (1964). Accordingly, we find no error.

Defendant also complains of several remarks made by the prosecuting attorney during his closing argument. Defense counsel's failure to object at trial precludes our review unless failure to consider the issue would result in a miscarriage of justice. *People v Delgado,* 404 Mich 76; 273 NW2d 395 (1978). The prosecutor's remarks must be read as a whole and be evaluated in light of the relationship or lack of relationship they bear to the evidence admitted at trial. *People v Cowell,* 44 Mich App 623; 205 NW2d 600 (1973). A review of the record in this case convinces us that no manifest injustice occurred.

Finally, defendant argues that the trial court's failure to suppress evidence gathered at the scene of the fire by Inspector Holliday was reversible error. She relies upon *People v Tyler,* 399 Mich

564, 570; 250 NW2d 467 (1977). In that case, a fire broke out shortly before midnight. The fire department arrived soon thereafter. At that time two plastic containers were discovered, one of which contained a flammable liquid. By 4 a.m. the fire was extinguished. At 8 a.m. fire officials returned and briefly surveyed the scene of the fire. They again returned between 9 and 9:30 a.m., at which time certain evidence indicative of arson was taken. There were subsequent searches of the premises at various times during the next three weeks. Evidence obtained as a result of these warrantless searches was admitted at trial. The Court found that evidence seized after the fire had been extinguished should have been suppressed. It held:

"If there has been a fire, the blaze extinguished and the firefighters have left the premises, a warrant is required to reenter and search the premises, unless there is consent or the premises have been abandoned." *Id.,* at 583.

On appeal to the United States Supreme Court, the decision was affirmed. *Michigan v Tyler,* 436 US 499; 98 S Ct 1942; 56 L Ed 2d 486 (1978). However, that Court disagreed as to the need for a warrant in the initial searches:

"Although the Michigan Supreme Court appears to have accepted this principle, its opinion may be read as holding that the exigency justifying a warrantless entry to fight a fire ends, and the need to get a warrant begins, with the dousing of the last flame. 399 Mich, at 579, 250 NW2d, at 475. We think this view of the firefighting function is unrealistically narrow, however. Fire officials are charged not only with extinguishing fires, but with finding their causes. Prompt determination of the fire's origin may be necessary to prevent its

recurrence, as though the detection of continuing dangers such as faulty wiring or a defective furnace. Immediate investigation may also be necessary to preserve evidence from intentional or accidental destruction. And, of course, the sooner the officials complete their duties, the less will be their subsequent interference with the privacy and the recovery efforts of the victims. For these reasons, officials need no warrant to remain in a building for a reasonable time to investigate the cause of a blaze after it has been extinguished. And if the warrantless entry to put out the fire and determine its cause is constitutional, the warrantless seizure of evidence while inspecting the premises for these purposes also is constitutional." *Id.,* at 509-510.

Nor did the Court feel that the failure of the fire officials' failure to remain on the premises continuously have any significance since "the morning entries were no more than an actual continuation of the first". *Id.,* at 511.

Application of the ruling set out in *Michigan v Tyler,* persuades us that defendant's claim is unfounded. At the hearing regarding the motion to suppress, Inspector Holliday testified that he arrived at the scene of the fire at approximately 11:30 p.m. on August 6, 1976. At approximately 4 a.m. he left for his office in order to retrieve his camera which is a part of his investigating procedure. The last of the flames were extinguished at approximately 4:45 a.m. However, because of the possibility of incipient or rekindled fires, Inspector Holliday remained. To assist him in determining the cause of the fire, he called for an electrical inspector and a representative from Consumers Power as well as a furnace inspector. Between 4 and 7:30 of the morning of August 7, twelve containers of debris were removed from the premises and kept for subsequent analysis. In addition a clock was removed and pictures of the burnt dwell-

ing were taken. At approximately 10 a.m., Inspector Holliday and his assistants vacated the premises.

The instant circumstances are not unlike those present in *Tyler*. The fire officials arrived while the fire was in progress. Those entrusted with investigative responsibility remained for a limited period of time after the blaze was extinguished for the purpose of determining its cause and ensuring that fire did not rekindle itself. As stated in *Tyler*, "officials need no warrant to remain in a building for a reasonable time to investigate the cause of a blaze after it has been extinguished". *Id.,* at 510. Hence, the warrantless seizure of evidence in this case was constitutional.

Affirmed.