PEOPLE v BARKER

Docket No. 45335. Submitted March 10, 1980, at Lansing.—Decided April 24, 1980. Leave to appeal applied for.

Defendant, Robert E. Barker, Jr., was convicted of breaking and entering an occupied dwelling with intent to commit larceny in the Saginaw Circuit Court, Fred J. Borchard, J. Defendant appeals. *Held:*

1. Failure to request special instructions and failure to object to the lack of them precludes appellate review of that issue.

2. The objective test for entrapment focuses on the conduct of the police. For entrapment to exist, there must be a causal connection between the provocative acts of the police and the criminal acts of the defendant. The conducting of a "sting operation" by police where defendant sold stolen property is not entrapment in the prosecution for a breaking and entering occurring before the sale.

3. A trial judge commits error when he allows evidence of prior convictions to be used to impeach a defendant without explicitly indicating and identifying his exercise of discretion and without indicating his consideration of the appropriate factors in making his decision. However, that error does not mandate reversal where it was not so offensive as to undermine the entire judicial system and where it can be held to be harmless beyond a reasonable doubt. Where a defendant's prior conviction record is brought out on direct examination of the defendant and the prosecutor does not question the defendant about the previous convictions, any error in the admission of evidence of the convictions is harmless.

Affirmed.

1. APPEAL — INSTRUCTIONS TO JURY — FAILURE TO GIVE INSTRUCTIONS.

Failure to request special instructions and failure to object to the lack of them precludes appellate review of that issue.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 623, 891.

[2] 21 Am Jur 2d, Criminal Law § 143.

[3] 5 Am Jur 2d, Appeal and Error §§ 797, 798.

29 Am Jur 2d, Evidence § 320 *et seq.*

2. CRIMINAL LAW — ENTRAPMENT.

> The objective test for entrapment focuses on the conduct of the police; for entrapment to exist, there must be a causal connection between the provocative acts of the police and the criminal acts of the defendant; the conducting of a "sting operation" by police where defendant sold stolen property is not entrapment in the prosecution for a breaking and entering occurring before the sale.

3. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS — APPEAL — HARMLESS ERROR.

> A trial judge commits error when he allows evidence of prior convictions to be used to impeach a defendant without explicitly indicating and identifying his exercise of discretion and without indicating his consideration of the appropriate factors in making his decision; however, that error does not mandate reversal where it was not so offensive as to undermine the entire judicial system and where it can be held to be harmless beyond a reasonable doubt.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Linda Berns Wright,* Appellate Prosecuting Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: MacKENZIE, P.J., and BASHARA and D. C. RILEY, JJ.

PER CURIAM. Defendant was convicted by a jury of breaking and entering an occupied dwelling with intent to commit larceny, contrary to MCL 750.110; MSA 28.305. On March 23, 1979, he was sentenced to 5 to 15 years imprisonment with 289 days jail-time credit. Defendant now appeals as of right.

Defendant contends that the trial court reversibly erred in failing to give preliminary instruc-

tions to the jury. Since the defendant neither requested these instructions nor objected to the lack of them, this issue has not been preserved for appeal. GCR 1963, 516.2, *People v Clay,* 91 Mich App 716, 723; 283 NW2d 870 (1979).

Defendant also asserts that the Saginaw Police Department's "Operation Sting" constituted entrapment. This "fencing" operation was devised to lure sellers of stolen property. Defendant was videotaped selling stolen property to undercover officers and was subsequently arrested.

Michigan has adopted the objective test of entrapment which focuses on the alleged reprehensibility of police behavior. See *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973), *People v Ramon,* 86 Mich App 113; 272 NW2d 124 (1978). For entrapment to exist, there must be a causal connection between the provocative acts of the police and the criminal acts of the defendant. *People v Moore,* 73 Mich App 514, 517; 252 NW2d 507 (1977).

Even if we were to consider "Operation Sting" objectionable, we would not recognize the instant situation as entrapment. Defendant's selling of stolen property occurred *after* the breaking and entering for which he was charged. Thus, it cannot rationally be argued that the subsequent police conduct caused defendant's prior offense. Defendant was not charged with any offenses arising out of the police sale, therefore, there was no possible entrapment.

Finally, defendant argues that the trial court reversibly erred in allowing evidence of two prior convictions, one for armed robbery and one for breaking and entering, to be used for impeachment purposes.

As stated in *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974), "* * * the trial court must

positively indicate and identify its exercise of discretion", in allowing or barring testimony regarding prior convictions. The instant judge never explicitly recognized his discretion on the record. Nor is it clear that he considered the factors enunciated in *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978), that the contested prior convictions relate to credibility and that there are no alternative, less burdensome means of impeaching the defendant while protecting his right to choose whether or not to testify.[1] Further, with regard to the former breaking and entering conviction, the judge did not consider the negative quality of similarity between it and the charged offense. See *People v Baldwin,* 405 Mich 550, 553; 275 NW2d 253 (1979).

Having found error, we must determine whether it mandates reversal. First, we must inquire whether the error was so offensive that it undermined the entire judicial system. *People v Wilkins,* 82 Mich App 260, 272; 266 NW2d 781 (1978). We do not believe that the error was of that magnitude. Our next question must then be whether the error was harmless beyond a reasonable doubt. *Wilkins, supra.* We believe that it was.

When a defendant's criminal record is improperly allowed into evidence and the defendant then takes the stand to explain it, the original error may only be harmless. *People v Townsend,* 60 Mich App 204, 205-206; 230 NW2d 378 (1975), *People v Bradford,* 10 Mich App 696, 705-706; 160 NW2d 373 (1968). This scenario is unlike that of

---

[1] The judge *did* consider the second factor—that the probative value of admission outweighed any prejudicial effect. In the future, however, both the judge's discretion and all three of the *Crawford (People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 [1978]) factors should be recognized on the record. *People v Joyner,* 93 Mich App 554, 560-561; 287 NW2d 286 (1980).

*People v Denny,* 86 Mich App 40; 272 NW2d 332 (1978), where the admission of evidence of a similar conviction discourages the defendant from taking the stand.

In the instant case, the defense attorney evidently chose to soften the impact of the prior convictions issue by questioning defendant about the convictions on direct examination. See *People v Wilbourne,* 44 Mich App 376; 205 NW2d 250 (1973). This was a matter of trial strategy, not a matter of error. Further, the prosecution did not inquire into these convictions on cross-examination. Any testimony on the convictions then was instigated by the defense, not the prosecution. We conclude that the admission of the convictions was harmless error.

Affirmed.