PEOPLE v PROVIENCE

Docket No. 46653. Submitted October 9, 1980, at Grand Rapids.—
Decided January 21, 1981. Leave to appeal applied for.

Lorenzo T. Provience was charged with criminal sexual conduct
in the third degree and, following a jury trial in Calhoun
Circuit Court, Stanley Everett, J., was convicted on that charge.
At trial, the complaining witness testified, without an objection
from defense counsel, that she observed the defendant coming
out of an adult bookstore just prior to his approaching her to
ask for the ride which eventually led to the sexual assault. A
police officer who had been assigned to watch the complaining
witness's place of employment on the day following the assault
testified, again without a defense objection, that she observed
the defendant go into the adult bookstore and then enter the
complaining witness's place of employment, where he was then
arrested. Defendant appeals, arguing that reversal is mandated
by reason of the prejudice resulting from the references to
defendant's having frequented the adult bookstore. Defendant
also argues that certain specific language should have been
used in the instructions to the jury, although such specific
language was not requested at trial. *Held:*

1. Since there was no objection at trial to the reference
concerning defendant's having frequented the adult bookstore,
the question of the propriety of the admission of that testimony
will be considered on appeal only if the inclusion of that
testimony resulted in manifest injustice. That testimony, being
part of the res gestae, was relevant evidence. The prejudicial
effect of the testimony was minimal, since the defendant did
not deny sexual interest in or advances toward the complaining
witness, the only question being whether the victim's consent

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 517.
    5 Am Jur 2d, Appeal and Error §§ 602, 797.
[2] 5 Am Jur 2d, Appeal and Error § 623.
    75 Am Jur 2d, Trial § 577.
[3] 5 Am Jur 2d, Appeal and Error § 797.
    29 Am Jur 2d, Evidence §§ 251 *et seq.,* 260.

to his advances was the product of force or coercion. Under the circumstances, manifest injustice has not been shown.

2. Since the specific language now urged as being the language which should have been used in the jury instructions was not requested below, the question of whether that language could and should have been employed will not be considered on appeal.

Affirmed.

R. M. MAHER, P.J., dissented. He would hold that the prejudicial effect of the admission of the testimony concerning defendant's having frequented the adult bookstore outweighed the testimony's minimal probative value and that manifest injustice has been shown such that appellate review is appropriate even in the absence of an objection at trial. He would reverse and remand for a new trial at which the contested testimony would be excluded.

### OPINION OF THE COURT

1. APPEAL — CRIMINAL LAW — EVIDENCE — FAILURE TO OBJECT — PREJUDICE — MANIFEST INJUSTICE.

   Reversal is not mandated by reason of admission of testimony that the defendant in a criminal sexual conduct trial had frequented an adult bookstore where no objection to such testimony was made at trial and the testimony was part of the res gestae, since the prejudicial effect of such evidence is not so great as to result in manifest injustice such that review should be undertaken in the absence of an objection at trial.

2. APPEAL — JURY INSTRUCTIONS — FAILURE TO REQUEST SPECIFIC INSTRUCTIONS — FAILURE TO GIVE SPECIFIC INSTRUCTIONS.

   The failure to request a specific instruction before the trial court precludes appellate review of the question of whether such specific language should have been used.

### DISSENT BY R. M. MAHER, P.J.

3. CRIMINAL LAW — EVIDENCE — PREJUDICE — PROBATIVE VALUE — APPEAL — FAILURE TO OBJECT — MANIFEST INJUSTICE — RULES OF EVIDENCE.

   *The prejudicial effect of the admission of testimony that the defendant in a criminal sexual conduct trial frequented an adult bookstore outweighs the probative value of such testimony; accordingly, manifest injustice is established such that reversal is mandated even in the absence of an objection to such testimony at trial (MRE 403).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James D. Norlander,* Prosecuting Attorney, and *John H. MacFarlane,* Assistant Prosecuting Attorney, for the people.

*R. Steven Whalen,* Assistant State Appellate Defender, and *Sheila N. Robertson,* Research Attorney, for defendant on appeal.

Before: R. M. MAHER, P.J., and R. B. BURNS and D. F. WALSH, JJ.

R. B. BURNS, J. Defendant was convicted by a jury of third-degree criminal sexual conduct, contrary to MCL 750.520d(1)(b); MSA 28.788(4)(1)(b). On appeal defendant raises two issues, neither of which merits remand.

The complaining witness testified at trial that when she first noticed defendant he was coming out of an adult bookstore as she was walking to her car after work. Defendant asked her for a ride to an appointment, and she assented after some initial hesitation. The complainant further testified that after driving and talking with defendant for a while he threatened and forced her to have sexual intercourse with him.

Marylou Zuiderveen, the investigating officer, testified that sometime after the alleged assault she was informed that a man had been asking for the complainant at her place of work and she was assigned to be on watch. Officer Zuiderveen testified that subsequently she did see a man who fitted the description given by the complainant go into the adult bookstore and then enter the complainant's place of work. Upon receiving a dispatch that a man inside was looking for the complainant, officer Zuiderveen arrested defendant.

No objection was made to either statement of the witnesses that defendant had been in the adult bookstore.

It is well settled that a claim of error to the admission of evidence made for the first time on appeal, which was not raised in the trial court, will not be considered by the appellate court. *People v Eroh,* 47 Mich App 669, 675; 209 NW2d 832 (1973). The purpose of this rule is to encourage the correction of errors at the trial level, at a time the rights of the parties can be saved, and thus avoid the waste and delay of new trials which could have been prevented. See 1 Wigmore, Evidence (3d ed), § 18, pp 322-323. An exception to the above rule has been recognized where the party appealing can show that denial of review would result in manifest injustice. *People v Farnsley,* 94 Mich App 34, 36; 287 NW2d 361 (1979). No such showing has been made in this case.

The complainant's statement that she first noticed defendant as he was walking out of the adult bookstore related a fact that established the initial location of the parties. It was part of the episode, the res gestae. See McCormick, Evidence (2d ed), § 185, p 434. Officer Zuiderveen's statement that she saw defendant enter the adult bookstore prior to his entering the complainant's place of work concerned an event relevant to her surveillance and to the ultimate arrest and was part of the res gestae.

As to defendant's claim that any relevance of the statements is outweighed by their unfair prejudicial effect, we do not agree that knowledge that defendant frequented an adult bookstore would so likely induce a juror to conclude that he was predisposed to commit a forcible sexual assault as to require a finding of manifest injustice. Defen-

dant did not deny his sexual interest or advances, but rather he only denied that he employed force or coercion. In addition, the testimony that the complainant agreed to give a ride to defendant after she had just seen him leave the adult bookstore was favorable to defendant's case to the extent it was likely to cause suspicion of the complainant's allegedly innocent state of mind. By allowing the testimony to stand without objection, defense counsel may have hoped that the testimony would have such an impact on the jury.

For the reasons stated above, we find no manifest injustice and conclude that defendant has failed to preserve this issue on appeal.

Defendant's second claim is that the trial court erred by not instructing the jury that if the defendant reasonably believed that the complainant consented, he could not be convicted of third-degree criminal sexual conduct. This issue has not been preserved for appeal. Trial counsel never requested the specific instruction which appellate counsel now claims should have been given. *People v Barker*, 97 Mich App 253; 293 NW2d 787 (1980).

Affirmed.

D. F. WALSH, J., concurred.

R. M. MAHER, P.J. *(dissenting)*. I must respectfully dissent from the opinion of my colleagues because I reach a different conclusion as to the effect on the jury of testimony indicating that defendant frequented an adult bookstore.

All relevant evidence is generally admissible. MRE 402. Evidence is "relevant" if it has the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. MRE 401. Relevant evidence

may, nevertheless, be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403.

The crucial issue in the trial of the instant case was whether the act of sexual intercourse, which admittedly took place, was the result of force or coercion exerted by the defendant. On this issue, the testimony regarding the adult bookstore had very little probative value, if it had any value at all. While the testimony may have been material as it provided background and detail, see McCormick, Evidence (2d ed), § 185, p 434, its relevancy concerning the crucial issue of force or coercion was miniscule at best as defendant's presence in an adult bookstore does not tend to establish that he used force or coercion to obtain a sexual act. On the other hand, the prejudicial effect of the evidence on this same issue was great. Popular prejudices concerning the effect of establishments such as adult bookstores make it quite possible that the jury was improperly influenced by the testimony, and the jury might have concluded that defendant was predisposed to commit the crime or more likely to use force than a person not associated with such places. The prejudicial effect of this evidence clearly outweighted its probative value and denied defendant a fair trial. In short, the evidence cost more than it was worth. See McCormick, *supra,* § 185, p 438-440.

I would reach this issue despite the lack of an objection in order to avoid manifest injustice. Defendant's connection to the adult bookstore was mentioned several times during the trial and was associated both with the crime charged and his subsequent arrest. I appreciate the fact that the lack of an objection precluded the trial court from ruling on this issue. In addition, I do not suggest

that the prosecution was deliberately attempting
to influence the jury unfairly. The fact remains,
however, that defendant is entitled to a fair trial
free from potentially inflammatory references. I
would reverse and remand for a new trial at which
references to the adult bookstore would be ex-
cluded.