PEOPLE v RAMMOUNI

Docket No. 65737. Submitted July 13, 1983, at Lansing.—Decided
    December 6, 1983.
    Abdel K. Rammouni was charged with arson of his market,
    Washtenaw Circuit Court. The court, Henry T. Conlin, J.,
    quashed the information and dismissed the case, finding that
    the people did not establish any emergency which justified a
    failure to obtain a search warrant in order to further the
    investigation of the fire after most of the firemen and investiga-
    tors had once left the scene. The people appealed. *Held:*
        The trial court did not err in quashing the information and
    dismissing the case. The prosecution did not introduce evidence
    of an emergency that prevented the officials from obtaining a
    search warrant after the investigation began in earnest.
        Affirmed.
        M. J. KELLY, P.J., dissented. He believed that the lower court
    erred in dismissing the case. He believed that the fire investiga-
    tors did not need a search warrant to reenter the building or to
    seize evidence obtained during the process of extinguishing the
    fire. He would reverse the decision of the lower court.

OPINION OF THE COURT

1. ARSON — SEARCH WARRANTS.
    An entry of a building to fight a fire requires no search warrant
        and, once in the building, officials may remain there for a
        reasonable time to investigate the cause of the blaze; thereaf-
        ter, additional entries to investigate the cause of the fire must
        be made pursuant to the warrant procedures governing admin-
        istrative searches.

DISSENT BY M. J. KELLY, P.J.

2. ARSON — SEARCH WARRANTS.
    *Fire department officials need no warrant to remain in a building*
        *or to return to the building for purposes of investigating the*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 35 Am Jur 2d, Fires § 4.
    68 Am Jur 2d, Searches and Seizures §§ 15, 56.

*cause of a fire for a reasonable time after the fire has been extinguished.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Jack F. Simms, Jr.,* Assistant Prosecuting Attorney, for the people.

*R. Michael Stillwagon,* for defendant on appeal.

Before: M. J. KELLY, P.J., and R. B. BURNS and R. A. BENSON,* JJ.

PER CURIAM. The prosecution appeals an order of the circuit judge suppressing certain evidence gathered after a fire. We affirm.

On the night of August 2, 1981, there was a fire at the Convenient Market. The fire was under control at approximately 3 a.m. Most of the firemen left the scene of the fire at that time, but some remained to preserve the scene.

Investigators returned to the scene at approximately 8 a.m. and gathered evidence until 12:30 p.m.

The trial judge found that:

"The aim of the investigators was clear from approximately 1:00 a.m. on. They were investigating a criminal arson not looking for accidental causes for the fire. No question of any concern to preserve evidence has been presented in this case. However, the guarding of the fire site by the fire fighters left on the scene effectively preserved the evidence for more than the time necessary to secure a search warrant."

The United States Supreme Court in *Michigan v Tyler,* 436 US 499, 511-512; 98 S Ct 1942; 56 L Ed 2d 486 (1947), stated:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"In summation, we hold that an entry to fight a fire requires no warrant, and that once in the building, officials may remain there for a reasonable time to investigate the cause of the blaze. Thereafter, additional entries to investigate the cause of the fire must be made pursuant to the warrant procedures governing administrative searches. (Citations omitted.) Evidence of arson discovered in the course of such investigations is admissible at trial, but if the investigating officials find probable cause to believe that arson has occurred and require further access to gather evidence for a possible prosecution, they may obtain a warrant only upon a traditional showing of probable cause applicable to searches for evidence of crime."

We are convinced, as was the trial judge, that the purpose of the Deputy Fire Marshal's investigation after 1 a.m. was to find evidence of a crime. The people did not show any "grave emergency" which justified their not obtaining a search warrant. There was no showing that, in the time period between 1 a.m. and 9 a.m., when the investigation began in earnest, they could not have obtained a search warrant.

We are convinced that the trial judge was correct and affirm.

M. J. KELLY, P.J. *(dissenting)*. I dissent. The facts of this case are remarkably similar to the facts of both *Michigan v Tyler,* 436 US 499; 98 S Ct 1942; 56 L Ed 2d 486 (1947), and *People v Farnsley,* 94 Mich App 34; 287 NW2d 361 (1979).

In *Michigan v Tyler,* the fire broke out shortly before midnight, arson was suspected by 2 a.m., and the fire was extinguished by 4 a.m., at which time the fire fighters left the scene. Fire investigators returned at 8 a.m., left, and returned again at 9 a.m. The United States Supreme Court held that the 8 a.m. and 9 a.m. reentries were permissible

without a search warrant since fire fighters are allowed to remain at the scene of a fire for a reasonable time after it is extinguished in order to investigate the cause of the blaze. The Supreme Court specifically held that the early morning reentires "were no more than an actual continuation of the first, and the lack of a warrant thus did not invalidate the resulting seizure of evidence". 436 US 511. The Court then held that reentries made several days after a fire is extinguished must be supported by a search warrant. *Id.*

In *People v Farnsley,* the fire was first encountered shortly before midnight and extinguished at 4 a.m. At that time all but one fire fighter left the scene. Fire investigators returned at 8 a.m. and at 9 a.m. without a warrant. Citing *Michigan v Tyler,* this Court held that the early morning reentries were permissible and that any evidence obtained as a result of those reentries was admissible at the trial.

In the case at bar, the fire was also encountered shortly before midnight. Fire fighters gained control over the blaze at approximately 3 a.m., at which time most, but not all, of the fire fighters left the scene. As in *Michigan v Tyler* and *People v Farnsley,* fire investigators returned to the scene at approximately 8 a.m. The trial court suppressed evidence obtained at the scene after 1 a.m., the point at which the fire fighters began to suspect arson, because it was obtained without a search warrant. It seems to me that the trial court clearly erred, as does the majority of this panel in affirming the trial court's ruling, in light of *Michigan v Tyler,* as followed by this Court in *People v Farnsley.* The fire investigators in this case were not required to obtain a search warrant prior to reentering the premises at 8 a.m. Even more certainly,

the fire investigators did not need a search warrant to seize evidence obtained during the process of extinguishing the fire between 1 and 3 a.m. *Cf. Michigan v Tyler,* 436 US 509.

I would reverse.