PEOPLE v HALE

Docket No. 75834. Submitted April 1, 1985, at Detroit.—Decided May
    6, 1985.

Ulysses Hale, Jr., was charged with first-degree criminal sexual
    conduct and was convicted of third-degree criminal sexual
    conduct following a jury trial in Wayne Circuit Court, Robert J.
    Colombo, Jr., J. At trial, the jury was instructed in accordance
    with the Criminal Jury Instructions that unless it was con-
    vinced beyond a reasonable doubt that there was no consent by
    the complainant to the sexual acts it must acquit defendant
    and that the defense of consent exists where the act of sexual
    intimacy or intercourse was a willing act between persons of
    sufficient age who are not mentally defective, mentally incapac-
    itated or physically helpless. There was no request for any
    additional instructions on the defense of consent. Defendant
    appealed, urging that the trial court should have instructed the
    jury that it should acquit the defendant if it found that the
    defendant entertained the reasonable and bona fide belief that
    the complainant consented to engage in sexual intercourse.
    *Held:*

The Criminal Jury Instructions accurately state Michigan
    law on the question of consent. There is no requirement that a
    trial court give the instruction now asserted by defendant.

Affirmed.

RAPE — CRIMINAL SEXUAL CONDUCT — JURY INSTRUCTIONS — CON-
    SENT.

The Criminal Jury Instructions which provide that the defense of
    consent exists to a charge of criminal sexual conduct where the
    act at issue is a willing act of sexual intimacy between persons
    of sufficient age who are not mentally defective, mentally
    incapacitated or physically helpless and that criminal sexual
    conduct can only be found where the jury finds beyond a
    reasonable doubt that there was no consent accurately state

REFERENCES FOR POINTS IN HEADNOTE
65 Am Jur 2d, Rape § 108.
75 Am Jur 2d, Trial § 610.
Construction of statutes or rules making mandatory the use of
    pattern or uniform approved jury instructions. 49 ALR3d 128.

Michigan law on the question of consent; a defendant charged with criminal sexual conduct is not entitled to an instruction that the jury should acquit if the defendant entertained a reasonable and bona fide belief that the complainant voluntarily consented to the sexual act (CJI 20:4:01, 20:4:06).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jane Shallal,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg),* for defendant on appeal.

Before: BRONSON, P.J., and J. H. GILLIS and ALLEN, JJ.

ALLEN, J. Charged with one count of first-degree criminal sexual conduct, defendant was found guilty by a jury of third-degree criminal sexual conduct, MCL 750.520d(1)(b); MSA 28.788(4)(1)(b). Sentenced November 2, 1983, to serve 10 to 15 years in prison, defendant appeals as of right.

The sole issue raised on appeal is whether the trial court adequately instructed the jury on the defense of consent. The court's instructions on third-degree criminal sexual conduct were taken directly from CJI 20:4:01 and 20:4:06. The instruction on consent, to which no objection was taken, was as follows:

"*The Court:* The defense claimed by the defendant is that he is not guilty of criminal sexual conduct because the complainant, Sharon Preston, consented to any and all sexual contact that the defendant had with the complainant. This defense is called consent. A willing act of sexual intimacy or intercourse between persons of sufficient age who are neither mentally defective, mentally incapacitated nor physically helpless is not criminal sexual conduct.

"If the evidence does not convince you beyond a reasonable doubt that the sexual acts complained of were not consented to, then the defendant is not guilty of the crime of *[sic]* conduct."

Defendant claims the instruction was inadequate because it predicated criminal responsibility on the victim's subjective consent rather than on defendant's reasonable belief that the victim consented. Counsel contends that, even in the absence of objection, the trial court should *sua sponte* have given an instruction similar to the instruction in *People v Mayberry,* 15 Cal 3rd 143, 155; 125 Cal Rptr 745; 542 P2d 1337 (1975), that "if a defendant entertains a reasonable and bona fide belief that a prosecutrix voluntarily consented to engage in sexual intercourse," the jury should find the defendant not guilty. We are not persuaded.

The instruction in *Mayberry* was required by statute. No Michigan case law requires the trial court to define consent in terms of a defendant's reasonable and honest belief. Further, when an identical claim of error was raised in *People v Provience,* 103 Mich App 69, 73; 302 NW2d 330 (1981); *lv den* 411 Mich 1058 (1981), it was flatly rejected, the Court stating:

"Defendant's second claim is that the trial court erred by not instructing the jury that *if the defendant reasonably believed that the complainant consented,* he could not be convicted of third-degree criminal sexual conduct. This issue has not been preserved for appeal. Trial counsel never requested the specific instruction which appellate counsel now claims should have been given. *People v Barker,* 97 Mich App 253; 293 NW2d 787 (1980)." (Emphasis supplied.)

Finally, our Court has held that a trial court's instructions taken directly from CJI 20:4:01 and

20:4:06 regarding the necessary elements of third-degree criminal sexual conduct, implicitly require the jury to find that the complainant did not consent to sexual intercourse before the jury may find defendant guilty. *People v Jansson,* 116 Mich App 674; 323 NW2d 508 (1982). See also *People v Johnson,* 128 Mich App 618, 623; 341 NW2d 160 (1983).

Affirmed.