780 F.2d 1021
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
RICHARD HARLEY, Petitioner-Appellant
v.
DALE FOLTZ, Respondent-Appellee.
 85-1147
 United States Court of Appeals, Sixth Circuit.
 11/11/85
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: LIVELY, Chief Judge; JONES, Circuit Judge; and PECK, Senior Circuit Judge.
 
 
 1
 Petitioner appeals the district court's order denying his 28 U.S.C. Sec. 2254 habeas corpus petition. Petitioner moves for appointment of counsel on appeal. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of petitioner's brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner was convicted of criminal sexual conduct and being a habitual offender. The Michigan Court of Appeals affirmed his criminal sexual conduct conviction and reversed the habitual offender conviction. The Michigan Supreme Court denied leave to appeal. Petitioner then filed this habeas corpus action alleging that the trial court's instructions to the jury improperly relieved the state of its burden of proving lack of consent, and that the Michigan criminal sexual conduct statute, Mich. Comp. Laws Ann. Sec. 750.520d, is unconstitutional in failing to require lack of consent as an element of the offense. The district court denied the petition on the grounds that the jury instructions did not render the trial fundamentally unfair and the statute was constitutional. We affirm, but for reasons other than those relied on by the district court on the first issue. See Hooks v. Hooks, 771 F.2d 935 (6th Cir. 1985).
 
 
 3
 Petitioner's first claim for relief is that the jury instructions improperly relieved the state of its burden of proof on the issue of consent. See Sandstrom v. Montana, 442 U.S. 510 (1979). The state trial court gave the instructions requested by petitioner's counsel and petitioner did not object to the instructions given. Respondent argued in the district court that this claim was barred from federal habeas review by petitioner's failure to object to the instructions at trial. See Engle v. Isaac, 456 U.S. 107 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977). The district court held that Wainwright did not bar review because Michigan does not require an objection to preserve this issue for appeal. However, the Michigan appellate court in this case applied the contemporaneous objection rule and also reached the merits. The Michigan court in its opinion stated:
 
 
 4
 First, defendant claims the court's consent instructions, given at defendant's request, were incomplete and hence violated due process by shifting proof of 'nonconsent' from the prosecution to defendant. Defendant did not request further instruction other than given by the trial court. Defendant's claim that the consent instruction was not sufficiently complete is inappropriate as unpreserved. People v. Provience, 103 Mich. App. 69, 302 N.W.2d 330 (1981); People v. Jansson, 116 Mich. App. 674, 323 N.W.2d 508 (1982). Moreover, the trial court instructed the jury on force/coercion. We agree with Jansson that if adequate instructions are given on the elements of CSC III, [third degree criminal sexual conduct] particularly, penetration with force and coercion such as the instant case, such instructions implicitly require a finding of non-consensual intercourse for a conviction. Defendant received everything he asked for by way of instruction on consent. On the authority of Provience, supra, and Jansson, supra, we hold defendant's claim that further unrequested and unrequired consent intructions is without merit.
 
 
 5
 When the state court disposes of a claim both by relying on a procedural default and by rejecting the claim on the merits, the Wainwright standard applies if the procedural default was a 'substantial basis' of the Court's disposition of the claim. Hockenbury v. Sowders, 620 F.2d 111 (6th Cir. 1980), cert. denied, 450 U. S. 933 (1981). This Court has recently held that the procedural default is assumed to be a 'substantial basis' for the decision when the state court relies on the procedural grounds and briefly reviews the merits if the opinion is unclear concerning the grounds on which it relied. See Shepard v. Foltz, 771 F.2d 962, (6th Cir. 1985); Gilbert v. Parke, 763 F.2d 821 (6th Cir. 1985); McBee v. Grant, 763 F.2d 811 (6th Cir. 1985). The procedural default was relied on in the appellate court's decision in this case and the prosecution argued both the procedural default and the merits in its state court briefs. Under these circumstances, the procedural default was a 'substantial basis' for the state court's decision and Wainwright bars federal habeas review unless petitioner demonstrates cause for the default and actual prejudice. See Gilbert v. Parke, supra; McBee v. Grant, supra. Michigan's general practice of not requiring a contemporaneous objection to preserve a Sandstrom issue does not preclude application of Wainwright in this case because the state court clearly relied on the procedural bar in its decision. See McBee v. Grant, supra; cf. Meeks v. Bergen, 749 F.2d 322 (6th Cir. 1984) (when Michigan court denies review without giving reasons, Wainwright inapplicable in light of Michigan's practice of allowing review of unpreserved issues); Engle v. Koehler, 707 F.2d 241 (6th Cir. 1983), aff'd by equally divided court, ---- U.S. ----, 104 S.Ct. 1673 (1984) (Wainwright inapplicable because Michigan courts do not enforce contemporaneous objection rule against failures to object to jury instructions on Sandstrom grounds). Petitioner has alleged neither cause nor prejudice in the district court or on appeal sufficient to overcome the Wainwright bar. Therefore, federal review of the jury instruction is precluded. See Gilbert v. Parke, supra; McBee v. Grant, supra.
 
 
 6
 Petitioner's second claim is that Michigan's criminal sexual conduct statute is unconstitutional because lack of consent is not an element of the offense. Due process requires a state to prove every element of an offense beyond a reasonable doubt. In re Winship, 397 U.S. 358 (1970); Conway v. Anderson, 698 F.2d 282 (6th Cir.), cert. denied, 462 U.S. 1121 (1983). However, the state establishes the elements of the crime, and the state may recognize mitigating circumstances as a defense without being required to prove them. Engle v. Isaac, supra; Patterson v. New York, 432 U.S. 197 (1977); see Stacy v. Love, 679 F.2d 1209 (6th Cir.) cert. denied, 459 U.S. 1009 (1982). In Michigan, lack of consent is not an element of the crime of third degree criminal sexual conduct that the state is required to prove. People v. Stull, 127 Mich. App. 14, 338 N.W.2d 403 (1983); People v. Jansson, 116 Mich. App. 674, 323 N.W.2d 508 (1982). Consent may be raised by the defendant as an affirmative defense. People v. Stull, supra; People v. Jansson, supra; People v. Khan, 80 Mich. App. 605, 264 N.W.2d 360 (1978). There is no constitutional requirement that a state make lack of consent an element of a rape offense. The state may place the burden of proving affirmative defenses on defendant. See Patterson v. New York, supra. In addition, Michigan allows the defendants to raise consent as an affirmative defense. Therefore, Michigan's third degree criminal sexual conduct statute does not violate due process in defining the offense.
 
 
 7
 Accordingly, it is ORDERED that the motion for appointment of counsel is denied and the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).